**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
File Name: 13a0127n.06

No. 12-1629

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

**FILED**
*Feb 04, 2013*
DEBORAH S. HUNT, Clerk

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff-Appellee, | ) | ON APPEAL FROM THE |
| | ) | UNITED STATES DISTRICT |
| v. | ) | COURT FOR THE EASTERN |
| | ) | DISTRICT OF MICHIGAN |
| ANTHONY TAYLOR | ) | |
| | ) | |
| Defendant-Appellant. | ) | |
| | ) | |

BEFORE:     DAUGHTREY, ROGERS, and McKEAGUE, Circuit Judges.

PER CURIAM. Anthony Taylor appeals the denial of his motion to reduce his sentence pursuant to retroactive amendments to the crack cocaine sentencing guidelines. He argues that because the district court at sentencing resolved a contested drug quantity issue by finding that the defendant was responsible for a range of quantity, the court may not—as it did in this case—later determine more precisely the quantity of drugs based on the trial court record. Affirmance is required, however, because Taylor's argument is foreclosed by our recent published holding in *United States v. Valentine*, 694 F.3d 665 (6th Cir. 2012).

Taylor was convicted on October 16, 1998, of two counts of distributing crack cocaine and one count of conspiring to distribute crack cocaine. On May 3, 1999, he was sentenced to 292 months' imprisonment based on the district court's finding that his offenses involved more than 500 grams of crack cocaine. On July 7, 2009, following the first of two retroactive reductions in crack

cocaine sentencing guidelines, Taylor petitioned the court for a reduction in his sentence. Because the relevant offense level for the drug range of 500 grams to 1.5 kilograms of crack cocaine was reduced to 34 from a prior level of 36, the district court reduced his sentence to 235 months. R.230, PageID # 325–26; R.231, PageID 327.

This appeal arises from the denial of a motion to modify under the second set of retroactive amendments, the Fair Sentencing Act of 2010 (FSA). The FSA altered the guideline ranges, resulting in the elimination of the 500 gram-to-1.5 kilogram range. The ranges that now apply to this quantity of drugs are 280 to 840 grams and 840 grams to 2.8 kilograms. The new offense levels are 32 and 34, respectively. In considering Taylor's motion, the district court had to determine which of the two new ranges applied to Taylor's offense; application of the lower range would result in a two-level reduction in Taylor's offense level, while application of the higher range would have no effect on his sentence. The district court heard argument on the motion, reviewed the trial transcripts, and denied the motion, finding that Taylor was responsible for "well over 840 grams" of crack cocaine, meaning his offense level remained at 34. R.245, at 4–5, PageID # 1516–17. On appeal, Taylor contends that the district court was without authority to make a supplemental finding as to the quantity of drugs involved in his offenses.

In cases where a district court finds a defendant ineligible for a sentence reduction pursuant to 18 U.S.C. § 3582(c), we review de novo. *Valentine*, 694 F.3d at 669. The district court's factual findings are reviewed for clear error. *Id.* This court resolved the question of a district court's ability to make a supplemental determination of drug quantity in requests for sentencing reductions in

*United States v. Valentine. Id.* at 670. We held that where a trial court makes a finding only as to a range in quantity, "the modification court must make supplemental findings based on the available record to determine if applying the retroactive amendment lowers the Guideline range." *Id.* The determination of quantity may be made by considering only the record available to the original sentencing court, and the district court must make its finding by a preponderance of the evidence. *Id.*

In this case, the district court was required to make a supplemental determination of quantity because the original sentencing court made a finding only that the amount was more than 500 grams. R.245, PageID #1513. The court made its determination based on sources available to the original sentencing court: the trial transcripts and the pre-sentencing report. *Id.* These sources included testimony from two witnesses that, from the summer of 1995 to the summer of 1996, Taylor distributed 3 to 28 grams of crack cocaine daily to each witness for resale. PSR Para. 21. One witness also testified that he had seem him on one occasion with 500 grams of crack. R.238, Exh. A, at 25, 31, PageID #1473, 1479. A preponderance of the evidence supports the court's finding that Taylor is responsible for more the 840 grams of crack cocaine. His offense level therefore remains at 34, and because the FSA "does not have the effect of lowering the defendant's applicable guideline range," U.S.S.G. § 1B1.10(a)(2), the district court appropriately dismissed Taylor's motion for a reduction in sentence.

The judgment of the district court is affirmed.